UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-99-RLV
(5:08-cr-31-RLV-1)

| | |
|---|---|
| AMOS TYRONE TUCKER, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and on his Supplement to his Motion to Vacate and Motion for Appointment of Counsel. (Doc. No. 3). For the reasons that follow, Petitioner's motion to vacate will be denied, and the Section 2255 petition will be dismissed as untimely.

**I. BACKGROUND**

Petitioner Amos Tyrone Tucker was indicted on August 5, 2008, and charged with conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841 and 846 (Count One); possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 851 (Count Two); being a convicted felon in possession of a handgun, under 18 U.S.C. § 922(g) (Count Three); and conspiracy to possess with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Four). (Criminal Case No. 5:08cr31, Doc. No. 3: Sealed Indictment). On May 6, 2009, the Government filed a notice pursuant to 21 U.S.C. § 851, notifying the Court and Petitioner that it intended to rely on Petitioner's prior drug trafficking conviction for purposes of sentencing. (Id., Doc. No. 24:

1

Information Pursuant to 21 U.S.C. § 851). Specifically, Petitioner was convicted on January 26, 1994, in Iredell County, North Carolina, for possession with intent to sell/deliver cocaine, in case number 93crs10199. (Id., Doc. No. 29 at 9: PSR). Petitioner received a five-year, suspended sentence for that conviction, followed by five years of supervised probation, with the sentence to begin when Petitioner was paroled or otherwise released from incarceration in Davie County, North Carolina. (Id.).

On May 7, 2009, Petitioner pled guilty, pursuant to a written plea agreement, to possessing with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 851 (Count Two). (Id., Doc. No. 25: Acceptance and Entry of Guilty Plea; Doc. No. 31: Judgment). The Government dismissed the remaining counts. Petitioner's Guidelines range of imprisonment, based on a total offense level of 27 and a criminal history category of II, was between 78 and 97 months. (Id., Doc. No. 29 at 16). Petitioner was further subject to a mandatory sentence, however, of 120 months based on the § 851 Information filed by the Government. (Id.). On April 14, 2010, this Court sentenced Petitioner to 120 months of imprisonment, to be followed by eight years of supervised release. (Id., Doc. No. 31: Judgment). Petitioner did not appeal.

Petitioner placed the motion to vacate in the prison mail system on July 11, 2012, and it was stamp-filed in this Court on July 17, 2012. In his motion, Petitioner contends that he is entitled to relief under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner contends that he was not sentenced to more than one year in prison for the underlying state court conviction and it therefore should not have been used to enhance his sentence. Petitioner supplemented his motion to vacate on September 5, 2013, citing Miller v. United States, No. 13-6254, 2013 WL 4441547 (4th Cir. Aug. 21, 2013), in which the

2

Fourth Circuit held that Simmons retroactive on collateral review.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A.  Relief under 28 U.S.C. § 2255

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Here, judgment against Petitioner was entered on April 28, 2010, and Petitioner did not appeal. His conviction therefore became final fourteen days after

judgment was entered. Petitioner did not file the instant motion until July 11, 2012. Thus, the Section 2255 petition is untimely under Section 2255(f)(1), and neither of the other subsections applies to render the petition timely. In any event, even if the petition were timely, Petitioner is not entitled to Simmons relief because, contrary to Petitioner's contention, he did receive a sentence of more than one year for the state court felony that was used to enhance his sentence. That is, Petitioner received a suspended, five-year sentence for his conviction in 1994 for possession with intent to sell/deliver cocaine. The fact that Petitioner may not have served custodial time is irrelevant to a Simmons inquiry. See United States v. Thompson, No. 11-5059, 2012 WL 1592991, at *2 (4th Cir. May 8, 2012) (per curiam) (unpublished) (finding that the petitioner was not entitled to Simmons relief because his sentence was for more than one year even though it was a suspended sentence).

## IV.  CONCLUSION

In sum, for the reasons stated herein, Petitioner's Section 2255 motion is untimely, and the petition will therefore be dismissed.[1]

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2255 motion, (Doc. No. 1), and his Supplement to his motion, (Doc. No. 3), are **DENIED** and the petition is **DISMISSED**. Furthermore, to the extent Petitioner seeks appointment of counsel, that motion is denied except to the

---

[1] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is not necessary because, in his memorandum in support of the petition, Petitioner addressed the statute of limitations issue, contending albeit unsuccessfully that his petition is timely under Section 2255(f)(4) because the petition was filed within one year of Simmons. Furthermore, Petitioner's explanation indicates no confusion over the timeliness issue.

extent that the Federal Defenders of North Carolina were appointed to conduct a <u>Simmons</u> review pursuant to a standing order of this Court.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: December 3, 2013

Richard L. Voorhees
United States District Judge

5